T. A. WILSON, PLAINTIFF IN ERROR, v. D. C. ELLS-WORTH, DEFENDANT IN ERROR.

1. **Real Estate:** SALE: PARTY WALL. A and B being engaged in the mercantile business, purchased a business lot of D for $1,000, and erected thereon a building in which to conduct their business. D owned a lot adjoining that sold to A and B, and it was agreed between them to erect a partition wall on the line dividing said lots, D to pay one-half of the cost of said wall, to be credited on the purchase price of the lot. A and B erected a building on the lot in question, at a cost of $3,700, the

construction account being kept by A.  After the completion
of the building, A sold his interest in the building and lot to
B, the contract not being reduced to writing, but stated by A
in the presence of one Dr. D. to be one-half of $4,710, and by
B to be one-half of the actual cost.  The credit due from D on
the lot was $387.19, which reduced the cost of the building and
lot to $4,322.81.  *Held*, That a verdict allowing B credit on the
purchase price for one-half of $387.19 was sustained by the
clear weight of evidence.

2.  **Negotiable Instruments:** CONSIDERATION.  As between
the original parties to a negotiable promissory note, the consid-
eration may be inquired into, and judgment rendered for the
sum actually due.

ERROR to the district court for Johnson county.  Tried
below before CHAPMAN, J.

*D. F. Osgood* and *B. H. Irwin*, for plaintiff in error,
cited: *Mills v. Miller*, 4 Neb., 443–444.  *Hutton v. Maines*,
28 N. W. Rep., 9.   *Cummings v. Baars*, 31 N. W. Rep.,
449.  *Guensey v. American Ins. Co.*, 17 Minn., 104.
*Nevins v. Dunlap*, 33 N. Y., 678.  *Miner v. Hess*, 47 Ill.,
170, and cases cited.

*A. M. Appelget* and *C. K. Chamberlain*, for defendant
in error, cited: *McKinster v. Hitchcock*, 19 Neb., 100.
*Brown v. Herr*, 21 Neb., 113–128.  Kerr on Fraud and
Mistake, pp. 54–55.

MAXWELL, J.

This action is based upon a promissory note for $500,
given by the defendant to the plaintiff in part payment
of certain real property, at the time owned jointly by
plaintiff and defendant.

The petition is in the ordinary form, setting forth the
payments made on the note.

The defendant answered, admitting the execution and
delivery of the note, but denied that he was indebted to

the plaintiff in any sum by reason thereof, and alleging, among other matters, that, at and before the consummation of such purchase, plaintiff and defendant were partners in business; that during the partnership they erected a certain brick building; that plaintiff kept the books of partnership, "and in said books kept an account which he' falsely and fraudulently, and with intent to cheat and defraud the said defendant, pretended to be a full and correct account of the expense and cost of said building, and, at the time of entering into the said contract of sale, the plaintiff, representing the said account so kept by him as being a full and correct account of the cost of said building, and said defendant, relying upon said representations, took the totals as shown in said book so kept by plaintiff as the basis for finding the cost of said building and the purchase price thereof, as agreed upon by said parties; that said books of account did not represent the cost of said building to said parties, but was largely in excess thereof; that prior to the making of said contract of sale they sold an undivided half interest in the east wall of said building to one Kershaw, for the sum of $387.20, being the cost of one-half of said east wall, which sum should have been credited to said building account, but alleges that said plaintiff, intending to cheat and defraud the said defendant out of his interest in the proceeds of said wall so sold as aforesaid, did not make said entry of credit for the sum so received, or any other sum. Defendant alleges that said note was given in an amount in excess of the amount due under the contract from defendant to plaintiff of $193.60, at the time of the execution and delivery thereof."

Plaintiff in reply filed a general denial.

On the trial of the cause the jury returned a verdict for the defendant, and judgment was entered thereon.

The testimony tends to show that, in the year 1886, the plaintiff and defendant were partners engaged in the mercantile business at Tecumseh; that during that year they

purchased a business lot of one Kershaw for the sum of $1,000, upon which to erect a business house. One of the walls of this building was to be erected on the dividing line between a lot owned by Kershaw and that sold to the plaintiff and defendant, Kershaw to own one-half of the wall, and one-half of the expense of erecting the same to be deducted from the price of the lot. The cost of the building is shown by the testimony to have been $3,700. The plaintiff kept the construction account, but made no deduction for the credit on the lot to which they were entitled for one-half of the wall. The amount of this credit is shown to have been $387.19. After the completion of the building the plaintiff sold his interest in the partnership to the defendant—the goods to be estimated at 15 per cent discount from the cost, and the building and lot to be taken, as the defendant claims, at actual cost, while the plaintiff claims that the price agreed upon was $4,710. There is no dispute about the price of the goods, the only contention being as to the price to be paid for the building and lot. The contract was not reduced to writing, but the parties went before Dr. Defoe, who kept a store adjoining theirs and stated the contract to him, the plaintiff stating the price of the building and lot to be $4,710, while the defendant stated that it was to be the actual cost. The Dr. testifies to these facts, as also the defendant, while the plaintiff testifies that the price agreed upon was $4,710. There is no proof as to the actual value of the property at the time of the sale, so that the only means of determining the price agreed upon is from proof of the contract. The plaintiff admits in his testimony that the construction account kept by him was not entirely accurate, but was intended to show approximately the cost of the building, and he seems to have claimed at the time of the sale that the actual cost was $4,710, making no deduction for the credit for the half wall, and the note in question was given for a part of the consideration of the price

of the property of $4710. The plaintiff seems to contend that the transaction being complete, the defendant cannot deny his liability on the note. This is an action between the original parties to the instrument, and in such case the consideration may be inquired into and only the actual amount due recovered. The defendant had paid the plaintiff, before the bringing of this action, the entire amount due upon said note, if we add the credit due from Kershaw for one-half of the partition wall. A clear preponderance of the testimony establishes the fact that the price to be paid for the lot and building was the actual cost thereof. The defendant, therefore, was entitled to the credit claimed by him, and the judgment of the court below is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.